IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANYA PRSHEWLOZKY,

    Plaintiff,                    No. CIV S-07-1359 LKK DAD PS

    vs.

JOHN E. POTTER, et al.,

    Defendants.               ORDER

_____/

        On September 17, 2007, the undersigned recommended that the above-captioned case be dismissed as duplicative of <u>Prshewlozky v. Potter</u>, case No. CIV S-07-1044 FCD JFM PS. The pro se plaintiff has filed objections in which she denies that the present action is duplicative of case No. CIV S-07-1044. More persuasive is plaintiff's assertion that case No. CIV S-07-1044 "is not in a posture for civil action." Plaintiff "requests to rescind it because it clearly will not be ready for the foreseeable future," as she is still pursuing administrative remedies, and "it may never be in a posture for civil action" because "she has no case."

        Plaintiff originally filed two cases in the United States District Court for the Northern District of California. Although both actions were subsequently transferred to the Eastern District of California, the later-filed case was transferred first and was filed in the Eastern District on June 1, 2007 as case No. CIV S-07-1044. The Northern District's order

transferring the earlier-filed case, now case No. CIV S-07-1359 in the Eastern District, was filed on January 12, 2007, but transfer was not effected immediately because plaintiff appealed the transfer order.  The court of appeals dismissed the appeal for lack of jurisdiction, and the earlier-filed case was filed in the Eastern District on July 11, 2007.

        The Northern District court determined that in this case plaintiff complains of disability discrimination and retaliatory treatment in connection with her employment with the United States Postal Service at two facilities located in Sacramento County.  After the case was properly transferred to the Eastern District on the basis of that understanding of plaintiff's claims, plaintiff filed a first amended complaint captioned for filing in both of her cases. The amended complaint superseded the original complaint in each case.  See Fed. R. Civ. P. 15(a).  Thus, plaintiff was improperly proceeding on the same amended complaint in two cases.  Accordingly, the undersigned recommended that this action be dismissed, as it was the second case filed in this court.  However, upon consideration of plaintiff's desire to dismiss case No. CIV S-07-1044 because the original claims were premature and lacked support, the court has granted plaintiff's request for voluntary dismissal of case No. CIV S-07-1044, and that case has been closed.

        Plaintiff will now proceed in case No. CIV S-07-1359.  Henceforth, all documents submitted for filing in case No. CIV S-07-1359 shall bear case number CIV S-07-1359 LKK DAD PS.  Plaintiff shall not include in the caption of her filings the case number for any of her closed cases.

        This court's order and findings and recommendations filed September 17, 2007 will be vacated.  Plaintiff's first amended complaint will be dismissed with leave to file a second amended complaint that omits any claims that are premature or unsupported.

        Plaintiff is advised of the following requirements for a civil complaint in federal court:

/////

/////

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). The court finds that plaintiff's first amended complaint does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, does not contain a short and plain statement of the claim showing that plaintiff is entitled to any relief in federal court, and contains a prayer for relief that is incomprehensible.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims. The plaintiff must allege facts that state the elements of his or her legal claims succinctly but plainly. See Fed. R. Civ. P. 8(a)(2); see also Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The plaintiff must allege with at least some degree of particularity overt acts which the defendant engaged in that support the plaintiff's claims. 733 F.2d at 649.

Plaintiff's first amended complaint will be dismissed with leave to file a second amended complaint. The pleading must set forth the grounds upon which this court's jurisdiction depends, identify the defendant, state clear and concise factual allegations describing the events which underlie plaintiff's claims, and state plainly what relief plaintiff seeks from the defendant. The second amended complaint must be complete in itself without reference to the original complaint or the first amended complaint. See Local Rule 15-220. The second amended complaint will supersede the first amended complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

Failure to file a second amended complaint that complies with this order will result in a recommendation that this action be dismissed. A second amended pleading that fails to provide the necessary jurisdictional and factual allegations will likely be dismissed with prejudice.

/////

Plaintiff has paid the filing fee for this case and has not demonstrated that she is indigent. Accordingly, plaintiff's initial motion to proceed in forma pauperis and subsequent request for order granting in forma pauperis status will again be denied. In the absence of in forma pauperis status, plaintiff's request for an order requiring the United States Marshal to serve process will also be denied. If plaintiff's second amended complaint provides the necessary jurisdictional allegations, the court will direct the Clerk to issue a summons for defendant Potter, and it will be plaintiff's responsibility to arrange for proper service of the defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This court's September 17, 2007 order and findings and recommendations (#9) are vacated in all respects;

2. The Clerk of the Court shall reinstate the docket entry reflecting payment of the $350.00 filing fee in this case on July 25, 2007;

3. Plaintiff's July 11, 2007 motion to proceed in forma pauperis (#2), July 27, 2007 request for order to the United States Marshal about service (#6), and August 28, 2007 request for order granting in forma pauperis status and adding subpoenas (#8) are denied; and

4. Plaintiff is granted twenty days from the date of this order to file a second amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the second amended complaint must bear the case number assigned to this case and must be labeled "Second Amended Complaint."

DATED: October 19, 2007.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\prshewlozky1359.f&rvac.lta