IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANYA PRSHEWLOZKY,

    Plaintiff,                                No. CIV S-07-1359 LKK DAD PS

    vs.

JOHN E. POTTER, et al.,               ORDER AND

    Defendants.                      FINDINGS AND RECOMMENDATIONS

/

        This action was transferred from the United States District Court for the Northern District of California after the Northern District court determined that plaintiff alleges disability discrimination and retaliatory treatment while employed at two Postal Service facilities in Sacramento County. After the transfer was effected, plaintiff submitted a first amended complaint captioned for filing in this case and a related case, also transferred from the Northern District of California. See CIV S-07-1044 FCD JFM PS. The related case has been dismissed at plaintiff's request. By order filed October 19, 2007, the first amended complaint in this case was dismissed because it does not contain a short and plain statement of the grounds upon which the court's jurisdiction depends, does not contain a short and plain statement of claim showing that plaintiff is entitled to relief in federal court, and contains an incomprehensible prayer for relief. Plaintiff was granted thirty days to file a second amended complaint.

1   On November 8, 2007, plaintiff filed a document titled "Second Amended
2  Complaint and Motion to Transfer." The document is not a second amended complaint and
3  cannot be construed as such because it does not satisfy any of the pleading requirements
4  described in the court's October 19, 2007 order. Plaintiff requests that this case be transferred
5  back to the Northern District "in order to comply with Postal manager's order dated November
6  20, 2006, and to properly request Dr. Brodsky's say [sic] within 50 miles." (Document #12, filed
7  Nov. 8, 2007, at 2.)
8   Plaintiff is informed that the proper venue for a federal case is determined by
9  federal statute, not by postal managers and doctors. See 28 U.S.C. § 1391. Plaintiff's motion to
10 transfer includes exhibits that support the Northern District's decision to transfer this case to the
11 Eastern District. Plaintiff's request to transfer the case back to the Northern District lacks merit
12 and must be denied.
13   As plaintiff has admitted, her November 8, 2007 filing is not a second amended
14 complaint.[1] The order filed October 19, 2007 granted plaintiff thirty days to file a second
15 amended complaint and cautioned plaintiff that failure to file a second amended complaint that
16 complies with the order will result in a recommendation that this action be dismissed. The thirty-
17 day period has expired, and plaintiff has not complied with the order. The undersigned will
18 therefore recommend that this action be dismissed for failure to amend, failure to comply with a
19 court order, and failure to file any pleading that complies with the Federal Rules of Civil
20 Procedure. See Fed. R. Civ. P. 8; Local Rule 11-110. In the interests of justice, the undersigned
21 will recommend that the action be dismissed without prejudice.
22 /////
23 /////

---

[1] On November 13, 2007, plaintiff filed a document confirming that her November 8, 2007 filing is not a second amended complaint. She takes issue with the Clerk's docket entry for the November 8, 2007 filing, although the docket entry accurately reflects the title of the document as filed.

2

1  IT IS HEREBY ORDERED that plaintiff's November 8, 2007 motion to transfer
2 is denied; and
3  IT IS RECOMMENDED that this action be dismissed without prejudice for
4 failure to file a second amended complaint, failure to comply with a court order, and failure to
5 file any pleading that complies with the Federal Rules of Civil Procedure.
6  These findings and recommendations will be submitted to the United States
7 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
8 ten days after these findings and recommendations are served by the Clerk of the Court, plaintiff
9 may file written objections with the court.  A document containing objections should be titled
10 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
11 failure to file objections within the specified time may, under certain circumstances, waive the
12 right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
13 DATED: December 13, 2007.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17 DAD:kw
Ddad1\orders.prose\prshewlozky1359.ordf&r.fta

3